IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-418-BO

| | |
|---|---|
| GARIBALDI LONGO, *et al.*, <br> Plaintiffs, | ) <br> ) <br> ) |
| v. | ) <br> ) |
| TROJAN HORSE LTD., *et al.*, <br> Defendants. | ) <br> ) <br> ) |

This cause comes before the Court on a motion to dismiss or alternatively to stay or transfer this action filed by defendants Trojan Horse, Ltd., Glen Burnie Hauling, Inc., the Trojan Horse LTD 401(k) Plan, Brian Hicks, Susan Stubbs, and Sherry Korb. A hearing was held on the matter before the undersigned on December 12, 2013, at Raleigh, North Carolina. For the reasons discussed below, defendants' motion is denied.

## BACKGROUND

Plaintiffs filed this putative class action regarding the alleged failure of defendants to make contributions to a "defined contributions plan," or 401(k) plan, of which plaintiffs are beneficiaries. Plaintiffs, participating employees of defendants, allege that since January 1, 2009, eligible participants have contributed a portion of their wages to the plan, but that beginning in May or June 2012 defendants have failed to make deposits into the plan, notwithstanding that they have continued to deduct and withhold the regular contributions from plaintiffs' wages. Defendants Trojan Horse and Glen Burnie are trucking companies that haul mail for the United States Postal Service, and plaintiffs are truck-driver employees of defendants. Plaintiffs filed this action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.* Plaintiff seek recover of benefits under 29 U.S.C. section

1132(a)(1)(B) and allege that defendants breached their fiduciary duties under 29 U.S.C. section 1132(a)(2). Plaintiffs further seek injunctive and other equitable relief under 29 U.S.C. section 1132(a)(3) and attorneys' fees as provided in 29 U.S.C. § 1132(g).

## DISCUSSUION

Defendants have moved to dismiss this action for lack of subject matter jurisdiction and failure to state a claim. Fed. R. Civ. P. 12(b)(1);(6). The individual defendants seek dismissal for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Defendants also seek dismissal for improper venue and ask alternatively that this Court stay this action or transfer it to the District of Maryland. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1404.

I. THE COURT HAS SUBJECT MATTER JURISDICTION AND PLAINTIFFS HAVE STATED CLAIMS UPON WHICH RELIEF CAN BE GRANTED

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Attain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible, meaning

that recitals of elements and conclusory statements do not suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendants contend that the Court is without subject matter jurisdiction to consider plaintiffs' claims, and that plaintiffs have therefore failed to state a claim upon which relief can be granted, because the plan contributions in question are governed by the Service Contract Act (SCA), 41 U.S.C. §§ 6701 *et seq.*, and not by ERISA as asserted by plaintiffs in their complaint.

The SCA "was passed to provide labor standards for the protection of employees of contractors who perform maintenance service for federal agencies." *Masters v. Maryland Mgmt. Co.*, 493 F.2d 1329, 1332 (4th Cir. 1974). "The administrative remedies provided under the SCA are tailored for the recovery of wages and benefits due employees," *Berry v. Andrews*, 535 F. Supp. 1317, 1318 (M.D. Ala. 1982), and there is no private right of action under the SCA. *Lee v. Flightsafety Servs. Corp.*, 20 F.3d 428, 431 (11th Cir. 1994). Defendants contend that, as "service employees" within the meaning of the SCA, plaintiffs must seek administrative remedies through the Department of Labor in order to recover any unpaid employer contributions they seek. *See e.g. Oji v. PSC Envtl. Mgmt. Inc.*, 771 F. Supp. 232, 234 (N.D. Ill. 1991).

Plaintiffs do not contest that defendants' contracts with the U.S. Postal Service are governed by the SCA. Rather, plaintiffs contend that ERISA and the SCA are mutually supplemental, and thus that they are not limited to the administrative remedies provided by the SCA. ERISA governs elective contributions by employees to qualifying 401(k) plans, whether they are withheld from wages or paid by an employer, 29 C.F.R. § 2510.3-102, and "the district courts of the United States . . . have exclusive jurisdiction of civil actions under [ERISA] brought by the Secretary or by a participant, beneficiary, [or] fiduciary, . . .." 29 U.S.C. § 1132(e)(1).

3

When considering the relationship between other statutes and the SCA, courts have found that the two are not mutually exclusive and have allowed plaintiffs otherwise covered by the SCA to bring suit, so long as the provisions at issue are not in direct conflict. *See e.g. Masters*, 493 F.2d at 1332 (Fair Labor Standards Act (FLSA) and SCA mutually supplemental where not in direct conflict); *Berry*, 535 F. Supp. at 1318 (allowing employee whose contract was covered by the SCA to bring FLSA retaliation claim). While there is a paucity of case law considering the relationship between ERISA and the SCA, there is nothing to suggest that ERISA, like the FLSA, cannot be considered to be mutually supplemental to the SCA. *See Pantoja v. Edward Zengel & Son Express, Inc.*, Case No. 10-20663-CV-Lenard/Turnoff, 2011 U.S. Dist. LEXIS 154845 *9 -*10 (S.D.Fla. May 31, 2011) (SCA and ERISA can mutually co-exist).

"Indeed, 'when two statutes are capable of coexistence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective.'" *J.E.M. Ag Supply, Inc. v. Pioneer Hi-Bred Int'l, Inc.*, 534 U.S. 124, 143-44 (2001) (quotation omitted). ERISA was enacted to be a bold and comprehensive statute, and the Court is informed here by "the deliberate care with which ERISA's civil enforcement remedies were drafted" to be in many instances exclusive. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987). The Court is unaware of any clearly expressed intention of Congress to cut away at this preemptive scheme, nor is the Court aware of any indication of a congressional intention that the SCA should be preemptive or occupy any field. Accordingly, the Court holds that ERISA and the SCA can each be given effect and plaintiffs are not limited to a remedy under the SCA for claims of unpaid benefits or breach of fiduciary duty under ERISA.

Defendants further argue that the contributions at issue in this matter were made by the employ*er*, not the employees, and are thus not covered by ERISA. The Eleventh Circuit has

4

recently held that claims for violations of fiduciary duty regarding employer contributions to qualifying 401(k) plans are not governed by ERISA, and must in applicable circumstances be brought under the SCA. *See Pantoja v. Edward Zengel & Son Exp.*, Inc., 500 F. App'x 892, 895 (11th Cir. 2012).

Defendants have submitted an affidavit in support of their contention that "almost all" of the contributions at issue here are employer and not employee contributions. Tolson Aff. ¶ 4. This evidence is simply insufficient to convince the Court at this stage of the proceeding that the SCA provides the sole remedy for plaintiffs on their fiduciary duty claim. Defendants' own evidence supports that at least some of the contributions at issue were made by employees and not the employers, and without further evidence on this issue the Court cannot decide as a matter of law that the type of contribution at issue in this matter requires resolution through the administrative procedures of the SCA.

II. STAY OR DISMISSAL UNDER THE PRIMARY JURISDICTION DOCTRINE IS NOT WARRANTED

The doctrine of primary jurisdiction is "specifically applicable to claims properly cognizable in court that contain some issue within the special competence of an administrative agency." *Reiter v. Cooper*, 507 U.S. 258, 268 (1993). Primary jurisdiction "requires the court to enable a 'referral' to the agency, staying further proceedings so as to give the parties reasonable opportunity to seek an administrative ruling." *Id.* No fixed formula exists for the application of the doctrine of primary jurisdiction to the facts of a particular case. *United States v. Western Pac. R.R. Co.*, 352 U.S. 59, 64 (1956). Though not an exhaustive list, four factors may be considered in deciding whether to stay the district court's jurisdiction in favor of the jurisdiction of an administrative agency: (1) whether the question at issue is within the conventional experience of judges or is within the agency's particular filed of expertise; (2) whether the

5

question at issue is particularly within the agency's discretion; (3) whether there exists a substantial danger of inconsistent rulings; and (4) whether a prior application to the agency has been made. *Nat'l Comm. Ass'n, Inc. v. American Tel. & Tel. Co.*, 46 F.3d 220, 222 (2d Cir. 1995).

As noted above, ERISA is specifically within the province of the district courts and the conventional experience of judges. Through an affidavit by counsel, defendants have notified the Court that counsel has met with the Department of Labor regarding defendants' failure to fully fund the 401(k) plan and that as of August 6, 2013, the Department had requested additional documents and was still in the investigatory phase of their inquiry. Gohn Aff. ¶¶ 4-16. Defendants have not, however, demonstrated that the Department of Labor's actions will necessarily lead to any inconsistent rulings, or that there is any indication whether or when a decision by the Department might be made. Moreover, plaintiffs have notified the Departments of Labor and Treasury of this suit, [DE 45-1], and the Department of Labor has not sought to intervene nor is the Court aware that is has taken any action regarding the allegations contained in this complaint.

For these reasons, the Court concludes that it has subject matter jurisdiction to consider the instant complaint, the plaintiffs have stated claims upon which relief can be granted, and that the doctrine primary jurisdiction does not require a stay of this matter.

III. THE COURT HAS PERSONAL JURISDICTION OVER THE INDIVIDUAL DEFENDANTS

29 U.S.C. § 1132(e)(2) provides that an ERISA action may be brought "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found." This provision has been interpreted as providing a national contacts test for purposes of

6

personal jurisdiction. *Schrader v. Trucking Emps. of New Jersey Welfare Fund, Inc.*, 232 F. Supp.2d 560, 571 (M.D.N.C. 2002). The relevant inquiry is thus whether the defendants have sufficient minimum contacts with the United States, not with the forum state. *Id.*; *see also Hall v. Tyco Intern. Ltd.*, 223 F.R.D. 219, 229 (M.D.N.C. 2004). Plaintiffs have alleged that defendants Trojan Horse and Glen Burnie are Maryland corporations which maintain and employ drivers in North Carolina, New Hampshire, Massachusetts, and other states to haul mail for the U.S. Postal Service along the eastern seaboard. The remaining defendants are directly involved in or responsible for administration of the 401(k) plan offered by Trojan Horse and Glen Burnie at issue. Plaintiffs have demonstrated here that defendants have sufficient contacts with the United States.

This Court's personal jurisdiction over the individual defendants further comports with the mandates of due process under the Fifth Amendment. *See Tyco*, 223 F.R.D. at 229. Indeed, "it is only the highly unusual cases that [any] inconvenience will rise to the level of constitutional concern" where the national contacts test applies and the defendant is located within the United States. *Schrader*, 232 F. Supp. 2d at 572 (quoting *EASB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 627 (4th Cir. 1997)). There is nothing in this record to suggest that this is a highly unusual case where extreme inconvenience or unfairness is present. Thus, the Court maintains personal jurisdiction over the individual defendants and their motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure is denied.

IV.   VENUE IS PROPER AND STAY OR TRANSFER IS NOT WARRANTED

Venue is proper under ERISA where the plan is administered, where the alleged breach took place, or where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). An alleged breach under ERISA is deemed to have "occurred in the district where the beneficiary receives

7

his benefits." *Schrader*, 232 F. Supp.2d at 572; *see also Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F. Supp.2d 852, 855-6 (D. Md. 2005) (noting further that a plaintiff's choice of forum is entitled to great weight, especially in light of ERISA's liberal venue provision). Two of the named plaintiffs in the instant matter reside in the Eastern District of North Carolina, and venue is therefore proper here.

Finally, defendants contend that venue should be transferred to the District of Maryland pursuant to 28 U.S.C. § 1404, which provides for transfer to another district where an action might have been brought for the convenience of the parties and the witnesses and in the interests of justice.

"An order allowing transfer of a matter to another district is committed to the discretion of the district court." *In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984). In determining whether transfer is appropriate, the Court may consider numerous factors, including the plaintiffs' choice of forum, witness convenience and access, the convenience of the parties, where the events occurred that gave rise to the action, and enforceability of judgment. *See Collins v. Straight Inc.*, 748 F.2d 916, 921 (4th Cir. 1984); *Nutrition & Fitness, Inc. v. Blue Stuff, Inc.*, 264 F.Supp.2d 357, 360 (W.D.N.C. 2003). As the Court considers such factors, it bears in mind that the ultimate decision of whether transfer is appropriate is not reached by cataloguing the weighted result of each factor, but rather is within the "art of judging." *Datasouth Computer Corp. v. Three Dimensional Technologies, Inc.*, 719 F.Supp. 446, 451 (W.D.N.C. 1989) (citation omitted).

There is no dispute that the corporate and individual defendants, as well as some plaintiffs, are residents of Maryland, and that documents and other materials necessary in the prosecution and defense of this action are located in Maryland. Party witnesses, however, "are presumed to

be more willing to testify in a different forum," and defendants have not demonstrated that any witnesses would be unwilling to travel to this jurisdiction. *Samsung Elecs. Co., Ltd. v. Rambus, Inc.*, 386 F. Supp.2d 708, 718-19 (E.D.Va. 2005) (quotation omitted). Additionally, defendants have not demonstrated that "the Eastern District of [North Carolina] is an inconvenient forum in which to litigate, not simply that the [District of Maryland] would be more convenient." *Va. Innovation Sciences, Inc. v. Samsung Elecs. Co., Ltd.*, 928 F. Supp.2d 863, 870-71 (E.D.Va. 2013) (quotation omitted). The Court is also mindful that "a plaintiff's choice of forum is a paramount consideration . . . that . . . should not be lightly disturbed." *Datasouth*, 719 F. Supp. at 451 (quoting *Western Steer-Mom 'N' Pops, Inc. v. FMT Invs., Inc.*, 578 F. Supp. 260, 265 (W.D.N.C. 1984)).

Defendants' best argument for transfer to the District of Maryland was the pendency of two similar actions against them filed in that court and the avoidance of potentially conflicting judgments. One of those actions, *Arthur v. Trojan Horse, LTD* has been dismissed as the plaintiffs failed to serve their complaint on the Departments of Labor and Treasury. Civ. No. 1:12-CV-3156-WDQ, Memorandum Opinion and Order of September 10, 2013, [DE 19]. The remaining action, *Dear v. Trojan Horse, LTD*, Case No. 1:13-CV-1345-WDQ, contains only a claim for breach of fiduciary duty, while the instant complaint also seeks to recover unpaid benefits under § 1332(a)(1)(B).

Having considered the relevant factors, the Court in its discretion declines to transfer this matter to the District of Maryland. Defendants have failed to demonstrate that the inconvenience of continuing this litigation in the Eastern District of North Carolina is sufficiently burdensome or onerous, nor have they sufficiently demonstrated that the interests of justice weigh in favor of

9

transfer to the District of Maryland where one similar, but not identical, action against them is pending.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion to dismiss, or in the alternative to stay or transfer [DE 37] is DENIED.

SO ORDERED, this 15 day of January, 2014.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE