UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
CASE NO. 5:13-CV-00418-BO

GARIBALDI E. LONGO, ALLEN F. HESTER, CARL W. SWANSON, PATRICK PONTE and STEVEN L. WHITE, individually and on behalf all others similarly situated,

Plaintiffs,
v.

TROJAN HORSE LTD.; GLEN BURNIE HAULING INC.; TROJAN HORSE LTD. 401(K) PLAN; BRIAN HICKS; SUSAN STUBBS; and SHERRY JONES (formerly Sherry Korb),

Defendants.

ORDER TO AMEND AND
JOIN ADDITIONAL PARTIES

## ORDER

THIS MATTER is before the Court upon Plaintiff's motion pursuant to the provisions of Rules 15 and 20 of the Federal Rules of Civil Procedure for leave to amend and to join as additional parties defendant Capitol Expressways, Inc. ("Capitol"), BDH Logistics, LLC ("BDH"), and Ascensus Trust Company ("Ascensus"). Plaintiffs commenced this action June 11, 2013, under the Employee Retirement Income Security Act of 1974, as amended [ERISA], 29 U.S.C. §§ 1001 et seq., as participants in the Trojan Horse, LTD 401(k) Plan ("Plan") to recover for themselves and Plan Participants similarly situated, employee contributions to the Plan that were deducted from their wages and never deposited into the Plan. *[Doc 1]*. Plaintiffs state they have learned in discovery and have presented documents revealing that Capitol and BDH were entities related to Defendants Trojan Horse, Ltd. and Glen Burnie Hauling, Inc., which, acting under the direction of Defendant Brian Hicks, were also Plan Sponsors and Plan Administrators with employees who

participated in the Plan and who likewise suffered loss of their contributions to the Plan. Plaintiffs further state they have learned and have presented documents revealing that Ascensus, formerly Frontier Trust Company, became the trustee for the Plan under a written Trust Agreement dated June 1, 2011, on which they contend that Ascensus assumed obligations under ERISA with respect to the delinquent plan contributions in issue.

Review of Plaintiffs' First Amended Complaint reveals that Plaintiffs' assert a right to relief against Capitol, BDH, and Ascensus arising out of the same transaction, occurrence, or series of transactions or occurrences as are alleged in the original complaint, and that questions of law or fact common to all defendants, upon amendment, will arise in this action. Under Rule 15(a) of the Federal Rules of Civil Procedure leave to amend is freely allowed when justice requires. Under Rule 20, Courts have wide discretion to join claims, parties and remedies.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that

1) Capitol, BDH, and Ascensus be hereby joined as parties defendant in this cause;

2) Plaintiff are hereby ordered and directed to file the First Amended Complaint attached as Exhibit 3 to their motion, and the caption of the case is hereby amended to reflect their joinder;

3) The Clerk is hereby authorized and directed to issue summons to Capitol, BDH, and Ascensus.

This __1__ day of ~~March~~ April, 2015.

Terence Boyle
UNITED STATES DISTRICT JUDGE