IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-418-BO

GARIBALDI LONGO, *et al.*,          )
      Plaintiffs,                  )
                                    )
v.                                  )          **ORDER**
                                    )
TROJAN HORSE LTD., *et al.*,        )
      Defendants.                  )

## BACKGROUND

This matter comes before the Court on defendant Ascensus Trust Company's motion to dismiss. A hearing was held on the matter before the undersigned on October 26, 2015, in Elizabeth City, North Carolina. For the reasons discussed below, defendant's motion is denied.

Plaintiffs filed this putative class action regarding the alleged failure of defendants to make contributions to a "defined contributions plan," or 401(k) plan, of which plaintiffs are beneficiaries. Plaintiffs, participating employees of defendants, allege that since January 1, 2009, eligible participants have contributed a portion of their wages to the plan, but that beginning in May or June 2012 defendants have failed to make deposits into the plan, notwithstanding that they continued to deduct and withhold the regular contributions from plaintiffs' wages. Defendants Trojan Horse, Ltd. and Glen Burnie Hauling, Inc. are trucking companies that hauled mail for the United States Postal Service, and plaintiffs were truck-driver employees of defendants. Plaintiffs initially filed this action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq*, and named as defendants Trojan Horse, Glen Burnie, the Trojan Horse LTD 401(k) Plan, Brian Hicks, Susan Stubbs, Sherry Korb, Ascensus Inc., and Frontier Trust Company. Plaintiffs seek recover of benefits under 29 U.S.C. §

1132(a)(1)(B) and allege that defendants breached their fiduciary duties under 29 U.S.C. § 1132(a)(2). Plaintiffs further seek injunctive and other equitable relief under 29 U.S.C. § 1132(a)(3) and attorneys' fees as provided in 29 U.S.C. § 1132(g).

As the case progressed, plaintiffs voluntarily dismissed Ascensus, Inc., Frontier Trust Company, Susan Stubbs, and Sherry Korb. Default was entered as to Trojan Horse, Glen Burnie, Trojan Horse Ltd. 401K Plan and Brian Hicks on June 4, 2014.[1] The Court granted plaintiffs' motion to join Capitol Expressways Inc., BDH Logistics LLC, and Ascensus Trust Company (Ascensus Trust) as defendants on April 2, 2015. Ascensus Trust filed the instant motion to dismiss on May 15, 2015, and a motion for entry of default as to Capitol Expressways and BDH Logistics currently is pending. Accordingly, the only active defendant in the case is Ascensus Trust. The remaining defendants either are in default or have been voluntarily dismissed.

DISCUSSION

Defendant has moved to dismiss this action for lack of subject matter jurisdiction and failure to state a claim. Fed. R. Civ. P. 12(b)(1), (6).

I.  THE COURT HAS SUBJECT MATTER JURISDICTION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

---

[1] Default was entered as to Sherry Korb on the same date; however, plaintiffs subsequently dismissed the action as to Ms. Korb on January 30, 2015.

Defendant contends that the Court is without subject matter jurisdiction to consider plaintiffs' claims because the Secretaries of Labor and Treasury were not served with the amended complaint by certified mail as required by 29 U.S.C. § 1132(h). Section 1132(h), however, requires only that a "copy of the complaint" be served. § 1132(h). It is clear upon reading the statute, that its purpose is to provide notice of private actions under ERISA to the Secretaries such that they may exercise their right to bring suit under 29 U.S.C. § 1132(a). *See, e.g., Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 701 (7th Cir, 1986) ("Thus, in granting the Secretary enforcement powers in Section 1132 I believe Congress intended that the Secretary's interest be the same as that of the participants and beneficiaries who also had enforcements powers under Section 1132.").

Here, the Secretaries of Labor and Treasury were served with the original complaint, which named Frontier Trust Company as a party and brought identical claims to those raised in the amended complaint. [DE 75–1]. Subsequently, Frontier Trust Company changed its name to Ascensus Trust Company, which is the party named in the amended complaint. [DE 75–2]. Accordingly, *Arthur v. Trojan Horse, Ltd.*, 2013 WEL 4854138 (D. Md. Sept. 10, 2013), on which defendant relies, is inapposite. Plaintiffs in *Arthur* failed to serve the original and only complaint on the Secretaries of Labor and Treasury, thus the requirements of § 1132(h) clearly were not met. Here, however, the Secretaries were served with the original complaint, which named the company now known as Ascensus Trust as a party and raised identical claims against it as are listed in the amended complaint.

While service of an amended pleading that first asserts claims available to both plan participants and the Secretaries may be required, here, the notice requirement and purposes of § 1132(h) clearly were satisfied by service of the original complaint. The Secretaries were aware

3

of the claims and that Frontier Trust Company was a named party in the suit. The mere fact that Frontier Trust subsequently changed its name to Ascensus Trust does not override the Secretaries' knowledge that the company was named in the suit. Moreover, the Secretary of Labor filed suit in the U.S. District Court for the District of Maryland on April 16, 2015, asserting claims under ERISA with respect to the Trojan Horse LTD 401(k) Plan, which is the same plan at issue here. It is, therefore, particularly clear that the purposes underlying § 1132(h) are met and the Court has jurisdiction.[2] Defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is denied.

II.    PLAINTIFFS HAVE STATED A CLAIM AS TO DEFENDANT ASCENSUS TRUST

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Attain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible, meaning that recitals of elements and conclusory statements do not suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because a Rule 12(b)(6) motion tests the legal sufficiency of plaintiff's claims, a court need not accept as true the legal conclusions a plaintiff draws from his factual allegations. *See Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991).

Plaintiffs bring an ERISA breach of fiduciary duty claim based on 29 U.S.C. § 1132(a)(2). To advance such a claim, plaintiffs must establish that Ascensus Trust was a fiduciary. *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 60–61 (4th Cir. 1992); *Adams v.*

---

[2] Defendants also argue that the amended complaint adds BDH Logistics LLC, Capitol Expressways, Inc. as defendants. These companies are named defendants in the Secretary of Labor's suit, thus it is clear that the Secretary was aware they were involved in the instant matter.

*Brink's Co.*, 261 F. App'x 583, 589–90 (4th Cir. 2008). Fiduciary status is not all or nothing, however; "a court must ask whether a person is a fiduciary with respect to the particular activity at issue." *Coleman*, 969 F.2d at 61. "[A] fiduciary has standing to bring [only] actions related to the fiduciary responsibilities it possesses." *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1465 (4th Cir. 1996) (quotation omitted). "A person or entity is only an ERISA fiduciary if identified as such in the plan documents, 29 U.S.C. § 1102(a)(2)" or if it meets the statutory definition in 29 U.S.C. § 1002((21)(A). *Cuthie v. Fleet Reserve Ass'n*, 743 F.Supp.2d 486, 494 (D. Md. 2010). Under § 1002(21)(A), "a person is a fiduciary with respect to a plan to the extent (i) he . . . exercises any authority or control respecting management or disposition of its assets . . . ." 29 U.S.C. § 1002(21)(A)(i); *see also John Hancock Mut. Lilfe Ins. Co. v. Harris Trust & Sav. Bank*, 510 U.S. 86, 96 (1993) ("To help fulfill ERISA's broadly protective purposes, Congress commodiously imposed fiduciary standards on persons whose actions affect the amount of benefits retirement plan participants will receive.").

Accordingly, the appropriate question is whether Ascensus Trust is a fiduciary with regard to the making of employee contributions. The Court will first look to the plan documents to determine whether they define Ascensus Trust as such. The Trust Agreement expressly states that "[Ascensus Trust] shall have no liability for the adequacy of contributions to the Plan and no responsibility to enforce the payment of such contributions." Trust Agreement § 4.03(b). Similarly, the Basic Plan Document (BPD) expressly states that Ascensus Trust "shall have no duty or responsibility for the determination of the accuracy or sufficiency of the contributions to be made under the Plan, the collection thereof, the transmittal of the same to the Trustee . . . or the compliance with any statute, regulation, or rule applicable to such contributions." BPD § 8.07. Although in other places, the Trust Agreement does discuss Ascensus Trust's fiduciary

5

obligations, these more specific provisions as to Ascensus Trust's role make clear that the Trust Agreement and the BPD do not intend to confer fiduciary status on Ascensus Trust with regard to the making of employee contributions. Defendant argues that the Trust Agreement and BPD confer upon Ascensus Trust only the responsibility to manage invest of funds that were transferred to it, not to ensure that the funds were deposited into the Plan.

An ERISA plan, however, can also confer discretion "by terms which 'create discretion by implication.'" *Woods v. Prudential Ins. Co. of Am.*, 528 F.3d 320, 322 (4th Cir. 2008). In that regard, the Trust Agreement provides that "[Ascensus Trust], who is acting solely as a directed trustee, is authorized and directed . . . to cause any property of the Trust to be issued, held, or registered, in the individual name of the Trustee" and "to employ . . . legal counsel, as the Trustee determines to be reasonably necessary to manage and protect the assets of the Trust . . .; and (e) to do all other acts necessary or desirable for the proper administration of the Trust assets." Trust Agreement § 3.01. This discretion is paralleled in the BPD, which states that Ascensus Trust shall have the power and duty to take any action it deems necessary or advisable "[t]o collect and receive any and all moneys, securities, or other property of whatsoever kind or nature due or owing or belonging to the Fund." BPD § 8.02(B)(5).

Thus, although defendant appears to have included language in the Plan to try to escape responsibility for ensuring Plan contributions were made, the Trust Agreement and BPD expressly provide that defendant is responsible for ensuring that Plan contributions were made. Defendant's attempt to evade liability via the language in the Plan cannot take precedence over the discretion conferred upon Ascensus Trust to manage contributions by the documents themselves. Accordingly, defendant's attempt to evade liability is undermined by the explicit language of the document.

6

Ascensus Trust argues that it is not a fiduciary because of its role as a directed trustee. Section 403(a), 29 U.S.C. § 1103(a), the directed trustee provision, states in pertinent part that "all assets of an employee benefit plan shall be held in trust by one or more trustees . . . the trustee shall have exclusive authority and discretion to manage and control the assets of the plan, except to the extent that—(1) the plan expressly provides that the trustee ... [is] subject to the direction of a named fiduciary who is not a trustee, in which case the trustees shall be subject to proper directions of such fiduciary which are made in accordance with the terms of the plan and which are not contrary to this chapter. . . ." 29 U.S.C. § 1103(a).

Here, the Trust Agreement has two provisions describing Ascensus Trust as directed trustee. The first, in the part of Section II entitled "Investment Responsibilities," states that Ascensus Trust serves "solely as a directed trustee and will not exercise any discretion or authority either with regard to investments or the administration of the plan." Similarly, in Article I, the Trust Agreement states that defendant "is acting solely as a directed trustee and will take direction from the Plan Administrator on any matter of Plan provision interpretation." These provisions clearly provide that Ascensus Trust was to act as a directed trustee, at the direction of a named fiduciary, with regard to the investments and administration of the Plan. This description, however, does not relieve Ascensus Trust of control over Plan assets. Discretionary authority to interpret or construe the terms of a Plan has no bearing on Ascensus Trust's fiduciary obligation to ensure the Plan receives the funds to which it is entitled or to enforce the Administrator's obligation to deposit contributions into the Plan. Accordingly, the Court finds that Ascensus Trust is a fiduciary with respect to the making of employee contributions.

This conclusion is supported not only by the relevant documents, but also by common sense. This is a suit in equity. Ascensus Trust was in a superior position to know whether the

7

contributions withheld were remitted to the Trust and therefore, was in a superior position to police equity and do justice. The fact that it may have turned a blind eye to the lack of contributions does not allow it to rely on a disclaimer to absolve itself of responsibility. As Ascensus Trust is a fiduciary with respect to the making of employee contributions, the Court can dismiss neither the breach of fiduciary duty nor recovery of benefits claim.

Additionally, though the factual recitation as to Ascensus Trust is somewhat bare, the Court finds that plaintiff has sufficiently alleged that Ascensus Trust had knowledge of the delinquent contributions. [DE 81 ¶¶ 26, 27, 32, 37, 42, 49, 53, 58, 66]. In light of the applicable standard and the Court's finding that Ascensus Trust is a fiduciary, dismissal of the co-fiduciary liability claim is not warranted at this time.

CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss [DE 86] is DENIED.

SO ORDERED, this 12 day of November, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE