IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-418-BO

| | |
|---|---|
| GARIBALDI LONGO, *et al.*, <br> Plaintiffs, <br><br> v. <br><br> TROJAN HORSE LTD., *et al.*, <br> Defendants. | ) <br> ) <br> ) <br> )     ORDER <br> ) <br> ) <br> ) |

This cause comes before the Court on defendant Ascensus Trust's motion to stay judgment pending appeal and motion to stay the Court's consideration of plaintiffs' affidavit concerning attorneys' fees and costs. For the reasons discussed below, both motions are granted.

## BACKGROUND

By order entered September 20, 2016, this Court granted plaintiffs' motion to certify class and granted in part and denied in part plaintiffs' motion for summary judgment. [DE 170]. Judgment was entered pursuant to Fed. R. Civ. P. 54(b) against Ascencus Trust and the non-appearing defaulted defendants in the amount of $2,985,914.27. [DE 171]. Plaintiffs' attorneys' fees and costs were further awarded against defendants. By order entered September 30, 2016, the Court entered default judgment against the appearing defaulted defendants following notice. Fed. R. Civ. P. 55(b)(2); [DE 172 & 173]. All defendants were held to be jointly and severally liable.

On October 11, 2016, Ascensus Trust noticed an appeal of this Court's order and judgment. [DE 174]. On October 14, 2016, plaintiffs' class counsel filed an affidavit in support of attorneys' fees, costs, and incentive awards. [DE 177]. On October 25, 2016, Ascensus filed a motion to stay judgment pending appeal, attaching a supersedeas bond in the amount of

$2,985,914.27. [DE 180]. Thereafter Ascensus filed a motion to stay this Court's consideration of plaintiffs' affidavit of attorneys' fees and costs pending resolution of Ascensus' appeal. [DE 182].

## DISCUSSION

Federal Rule of Civil Procedure 62(d) states: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d). Thus, an appellant may obtain a stay as of right pursuant to Rule 62(d) by obtaining a supersedeas bond. *See, e.g., Southeast Booksellers Ass'n v. McMaster*, 233 F.R.D. 456, 457 (D.S.C. 2006); *Alexander v. Chesapeake, Potomac & Tidewater Books, Inc.*, 190 F.R.D. 190, 192 (E.D. Va. 1999).

Plaintiffs oppose a stay of judgment pending appeal, arguing that Ascensus has not posted a supersedeas bond for the full amount of the judgment. Although the Court's order on summary judgment did hold that attorneys' fees and costs would be awarded to plaintiffs, Ascensus is correct to argue that the judgment currently on appeal provides for an amount of $2,985,914.27 as against Ascensus and the other defendants. Ascensus has posted a bond in this amount and is therefore entitled to a stay of this Court's judgment pending appeal pursuant to Rule 62(d). In light of its finding that a stay of judgment pending appeal is appropriate, the Court further holds that a stay of its award of attorneys' fees and costs to plaintiffs is also appropriate.

2

## CONCLUSION

For the foregoing reasons, Ascensus Trust's motion to stay judgment [DE 180] and motion to stay consideration of plaintiffs' affidavit concerning attorneys' fees and costs [DE 182] are GRANTED.

SO ORDERED, this _17_ day of November, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3

Case 5:13-cv-00418-BO   Document 189   Filed 11/15/16   Page 3 of 3