THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

---

GARIBALDI E. LONGO, ALLEN F. HESTER, CARL W. SWANSON, and STEVEN L. WHITE, individually and on behalf all others similarly situated,

Plaintiffs,

v.

TROJAN HORSE LTD.; GLEN BURNIE HAULING INC.; CAPITOL EXPRESSWAYS, INC.; BDH LOGISTICS LLC; BRIAN HICKS; TROJAN HORSE LTD. 401(K) PLAN; and ASCENSUS TRUST COMPANY,

Defendants.

Civil Action No. 5:13-cv-418-BO

## FINAL ORDER AND JUDGMENT

WHEREFORE, this the 5th day of June, 2018, upon consideration of the Parties' joint motion for final approval of the settlement pursuant to the terms of a Settlement Agreement dated February 7, 2018 ("Agreement"), [DE 203-1], the Court FINDS and ORDERS as follows:

1. The motion for final approval of the Settlement Agreement is hereby GRANTED, the settlement of the Class Action is APPROVED as fair, reasonable and adequate to the Class Members, and the Parties are hereby directed to take the necessary steps to effectuate the terms of the Agreement.

2. For purposes of this Final Order and Judgment, except as otherwise defined herein, the Court adopts and incorporates the definitions of all capitalized terms in the Agreement and those terms have the same meaning in this Order.

3. The Court has jurisdiction over the subject matter of this action and over all parties to the action, including all members of the Class.

4. Pursuant to Fed. R. Civ. P. 23(e), the Court hereby approves and confirms the settlement embodied in the Agreement as being a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Action and in the best interests of the Class Members.

5. The Court incorporates the terms of the Agreement into this order as if expressly set forth herein and the Parties and their counsel are directed to implement and consummate the Agreement, to the extent the Parties have not done so already, according to its terms and provisions.

6. The Agreement will be binding on, and have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Class Members, as well as their heirs, executors and administrators, successors and assigns.

7. In accordance with the Court's orders, and as determined by this Court previously, Class Notice was timely distributed by first-class mail to all Class Members, and notice was published on the website maintained by Angieon and Class Counsel. In addition, pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, *et seq.*, notice was provided to the Attorneys General for each of the states in which a Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor.

8. The form and methods of notifying the Class Members of the terms and conditions of the proposed Agreement met the requirements of Fed. R. Civ. P. 23(c)(2), any other applicable law, and due process, and constituted the best notice practicable under the

circumstances; and due and sufficient notices of the fairness hearing and the rights of all Class Members have been provided to all people, powers, and entities entitled thereto.

9. All requirements of the Class Action Fairness Act, 29 U.S.C. § 1711, *et seq.*, have been met.

10. The Court orders that the Settlement Fund monies, service awards, and attorney's fees and costs called for in the Agreement be paid and provided according to the Agreement.

11. The Independent Fiduciary is ordered and directed to implement the Agreement and perform its duties under it.

12. As mentioned above, the Court finds that the settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determination of mixed fact/law questions:

   a) The settlement was negotiated vigorously and at arm's length by experienced Defense Counsel and Class Counsel on behalf of the Class seeking to recover payments to the Plan deducted from wages but not deposited pursuant to ERISA §§ 1132(a)(1)(B, (a)(2), (a)(3) and (g);

   b) This Action settled at an advanced stage of litigation after the Parties completed discovery, the Court decided summary judgment applications, and pending appeal in the Fourth Circuit. The Parties were well positioned to evaluate the value of the Action;

   c) If the Settlement had not been achieved, the Parties faced the expense, risk, and uncertainty of continued and prolonged appellate proceedings or trial;

   d) The amount of the Settlement Fund, over ninety percent (90%) of the amount won in this Court, is fair, reasonable, and adequate;

e) At all times, the Plaintiffs and Class Representatives have acted independently; and,

f) Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by having the opportunity to submit objections to the Agreement to the Court. The deadline to file objections was May 7, 2018, and no timely objections were filed.

13. The Releasing Parties release the Released Claims as to the Released Parties.

14. Class Members are permanently enjoined from commencing, continuing or taking any action in any judicial proceeding in any state or federal court or any other judicial or arbitral forum against the Released Parties in the proposed Settlement with respect to any of the Released Claims.

15. The Parties are authorized, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of this Agreement and all Exhibits hereto as (i) shall be consistent in all material respects with the Final Order and Judgment and (ii) do not limit the rights of Class Members.

16. Without affecting the finality of the Final Order and Judgment for purposes of appeal, the Court expressly retains jurisdiction over Ascensus, Plaintiffs, and Class Members as to all matters relating to the administration, consummation, enforcement, and interpretation of the terms of the Agreement and the Final Order and Judgment, and for any other necessary purposes.

17. Each Class Member shall hold harmless Plaintiffs, Defense Counsel, Class Counsel and the Released Parties for any claims, liabilities, attorneys' fees and expenses arising

from the member's Allocated Share of the Settlement Fund and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

18. The Independent Fiduciary shall have final authority to determine the Allocated Share of the Settlement Fund to each Class Member and with respect to payments or distributions, all questions not resolved by the Agreement shall be resolved by the Independent Fiduciary in its sole and exclusive discretion.

19. Upon review of the Agreement, and of Class Counsel's motion for Approval of Attorney's Fees, Costs and Service Awards, [DE 206], the Court finds that the agreed upon fees and costs are reasonable and the motion is GRANTED. The Court APPROVES the amounts Ascensus agreed to pay Class Counsel and ORDERS reasonable fees in the amount of $915,710.26 and costs in the amount of $70,395.76 [handwritten, struck through: $67,924.93] be paid as set forth in the Agreement. Each named Plaintiff will be awarded a $5,000 service award to be paid out of the Settlement Fund.

20. Upon entry of this Order, all Class Members shall be bound by the Agreement and by this Final Order and Judgment.

This the 5 day of June, 2018

_____
HON. TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE